# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| DENISE HILL,<br>Plaintiff,<br><br>vs.<br><br>TREASURER ROBERT GOERING, et al.,<br>Defendants. | Case No. 1:18-cv-522<br><br>Barrrett, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, bring this pro se civil action against Hamilton County Treasurer Robert Goering, the Hamilton County Land Revitalization Corporation, the Hamilton County Sheriff, the City of Cincinnati, Chapter 13 Trustee Margaret Burks, and Judge Patrick Dinkelacker. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that Robert Goering was her former attorney in 1996 through 1999 and is the President of the Hamilton County Land Revitalization Corporation. She alleges that Chapter 13 Trustee Margaret Burks "unlawfully sold" her house in a Bankruptcy Trustee sale. Plaintiff further alleges that Goering and the other defendants conspired to unlawfully foreclose on her home. She alleges the Hamilton County Sheriff's Department would not allow her to "get any of [her] personal belongings or property." (Doc. 1-2 at 6). Plaintiff alleges that she later discovered that her former attorney purchased her house at auction on July 28, 2005 "through fraudulent actions." The complaint alleges that Goering "has laid low for 13 years" and then decided to put plaintiff's home on the market, presuming she would have forgotten about it after all these years.

The complaint also alleges that plaintiff previously filed a civil suit with others in this Court: *Smith, et al. v. United States of America*, Case No. 1:08-cv-408 (S.D. Ohio). Plaintiff alleges the case was "dismissed quickly" and Goering was given immunity. Plaintiff states, "As time has gone by I realize that the complaint was unlawfully dismissed without a judge signature" and "that Robert Goering should have been sued in his own individual capacity. . . ." (Doc. 1-2 at

3

4).

Plaintiff further alleges that Judge Dinkelacker was complicit in the scheme to unlawfully foreclose on her home because "he had the duty to examine the documents and consider the evidence of fraudulent checks that New Century Mortgage had issued me." (*Id*. at 5). Plaintiff states she is filing "this motion to set aside the foreclosure sale that was conducted on July 28, 2005 through fraudulent actions." (*Id*. at 6). Plaintiff claims her rights have been violated under numerous federal laws and she seeks the return of her property, unspecified injunctive relief, and damages.

By plaintiff's own admission, this is the second lawsuit plaintiff has filed in the Southern District of Ohio alleging identical claims against defendants Goering and Chapter 13 Trustee Margaret Burks. Plaintiff's claims were dismissed against these defendants upon sua sponte screening of the complaints. *See Smith, et al. v. United States of America*, Case No. 1:08-cv-408 (S.D. Ohio July 3, 2008) (Doc. 12). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive of the judicial process and dismissed as malicious under the authority of 28 U.S.C. § 1915(e)(2)(B)(i). *See Crenshaw v. City of Cincinnati*, No. 1:08-cv-570, 2008 WL 4137973, at *2 (S.D. Ohio Aug. 29, 2008) (and cases cited therein). Because plaintiff seeks to raise identical claims in this action as previously disposed of in *Smith, et al. v. United States of America*, Case No. 1:08-cv-408, plaintiff's claims against defendants Goering and Burks should be dismissed with prejudice as malicious within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent plaintiff seeks to bring a new claim of malpractice against defendant Goering or a claim of fraud against Goering and the Hamilton County Land Revitalization Corporation, the Court lacks diversity jurisdiction over plaintiff's state law claims as both

4

plaintiff and these defendants are citizens of Ohio. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's complaint fails to state a claim for relief against the Hamilton County Sheriff. Plaintiff's claim against the Hamilton County Sheriff is an official capacity claim and is treated as a claim against Hamilton County, Ohio, the entity of which the Sheriff is an agent. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or . . . a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Hamilton County for plaintiff's alleged injuries, the complaint must allege facts showing that the misconduct giving rise to plaintiff's injuries was the result of a policy, statement, regulation, decision or custom promulgated by the County. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). "[P]laintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright*, 753

5

F.3d at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation).

Plaintiff's complaint fails to allege any facts showing that the alleged actions taken by the Hamilton County Sheriff stemmed from a particular policy, custom, or practice of Hamilton County that caused a violation of plaintiff's civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against the Hamilton County Sheriff and should be dismissed.

Likewise, plaintiff's complaint against the City of Cincinnati should be dismissed because plaintiff has failed to plead any facts showing that a custom, policy, or practice of the City was the moving force behind any alleged constitutional violation. *Bright*, 753 F.3d at 660.

Plaintiff's claims against defendant Judge Dinkelacker are barred by judicial immunity. Judges are afforded absolute immunity from § 1983 liability for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). *See also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). It is clear that the decisions made by Judge Dinkelacker in the state court foreclosure action were functions normally performed by judges. *Stump*, 435 U.S. at 362. Plaintiff has alleged no facts indicating that the judge acted "in the complete absence of all

jurisdiction." *Stern*, 262 F.3d at 607. Therefore, Judge Dinkelacker is absolutely immune from civil liability in this matter.

Finally, the Court is without federal question jurisdiction over the complaint against the defendants. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief against these defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/20/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENISE HILL,
Plaintiff,

vs.

TREASURER ROBERT GOERING, et al.,
Defendants.

Case No. 1:18-cv-522

Barrrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).